**The PEOPLE of the State of Colorado, Complainant,**

v.

**Larry A. LITTLEFIELD, Attorney–Respondent.**

**No. 95SA85.**

Supreme Court of Colorado, En Banc.

April 17, 1995.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

Robert E. Ray, Greeley, for attorney-respondent.

PER CURIAM.

The respondent, who is a lawyer licensed to practice in Colorado since 1970

and is subject to the jurisdiction of this court and its grievance committee, was convicted of felony menacing. He was immediately suspended from the practice of law on April 7, 1994, pending resolution of these proceedings. C.R.C.P. 241.8 and 241.16(d). The respondent and the assistant disciplinary counsel entered into a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18.[1] In the stipulation, the respondent agreed that disbarment was the appropriate discipline. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation and agreement and recommended that the respondent be disbarred and assessed the costs of the proceedings. We accept the stipulation and agreement, and the recommendation of the inquiry panel.

## I

In the stipulation and agreement, the respondent and the assistant disciplinary counsel stipulated to the following facts:

The respondent's office landlord appeared at the respondent's home on March 22, 1993. The landlord had not received the rent due two days earlier. The landlord and the respondent had an argument, and the landlord did not leave after the respondent told him to. The respondent picked up a shotgun, pointed it at the landlord and the landlord's companion, and again told them to leave, which they did. As the landlord drove away, however, the respondent fired two shotgun rounds, one of which hit the rear of the landlord's vehicle.

1. The conditional admission of misconduct must be contained in an affidavit submitted by the lawyer-respondent. C.R.C.P. 241.18(b). Further:

> The affidavit required under the provisions of [C.R.C.P. 241.18] shall be confidential and its contents shall not be publicly disclosed or made available for use in any proceedings outside this Chapter except as otherwise provided in these Rules or by order of the Supreme Court.

C.R.C.P. 241.18(b). C.R.C.P. 241.24(a) states that:

> Except for public proceedings conducted pursuant to C.R.C.P. 241.24(c) and except as otherwise provided by these Rules or by order of the Supreme Court, all proceedings conducted pursuant to these Rules and the files and records of the Committee shall be confidential and shall not be made public.

The respondent pleaded guilty on October 15, 1993, to felony menacing, a class 5 felony. § 18–3–206, 8B C.R.S. (1986). He was sentenced to ninety days in jail, ninety days of electronic home detention, and four years probation, with conditions. He was assessed costs and $2,234.16 in restitution.

As the respondent admits, his conduct violated C.R.C.P. 241.6(5) (any act or omission violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline), and felony menacing is a serious crime under 241.16(e)(1).

## II

■ The inquiry panel recommended that the respondent be disbarred, and the respondent has agreed to disbarment. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp. 1992) (ABA *Standards*), in the absence of aggravating or mitigating factors, disbarment is appropriate when:

> (a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; ... or
>
> (b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

ABA *Standards* 5.11. On the other hand, suspension is warranted for serious criminal

One exception to confidentiality is that "[t]he pendency, subject matter, and status of proceedings conducted pursuant to these Rules may be disclosed or made public if: (1) The proceeding is predicated on the lawyer's public discipline in another jurisdiction or on the lawyer's conviction of a crime...." C.R.C.P. 241.24(b). Moreover, disciplinary proceedings become public, with some exceptions not relevant here, "[u]pon the expiration of sixty days after the filing and service of a complaint pursuant to C.R.C.P. 241.12...."

In a case like this, however, predicated upon a conditional admission, the conditional admission is deemed confidential unless and until accepted by the court. C.R.C.P. 241.18(b). Notwithstanding the provisions of C.R.C.P. 241.24(c), therefore, the parties need not apply for a protective order to maintain the confidentiality of a conditional admission.

conduct other than defined in standard 5.11. *Id.* at 5.12.

The respondent has a history of discipline, consisting of two private censures and a letter of admonition, which is an aggravating factor. *Id.* at 9.22(a). Two other formal complaints have been filed against the respondent for unrelated misconduct. The respondent acknowledges that "he is agreeing to disbarment to resolve all matters currently pending against him in the manner provided for in this stipulation." Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct, and the recommendation of the inquiry panel.

### III

It is hereby ordered that Larry A. Littlefield be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion. It is further ordered that the respondent pay the costs of this proceeding in the amount of $1,491.69 within thirty days after this opinion is issued to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.

